1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10    MANUEL BURRUEL, III,                        1:17-cv-01442-JLT (PC)

11                        Plaintiff,
                                                  ORDER TRANSFERRING CASE TO THE
12          v.                                    CENTRAL DISTRICT OF CALIFORNIA

13    PAM AHLIN, et al.,

14                        Defendant.

15

16          Plaintiff, a civil detainee proceeding pro se, has filed a civil rights action pursuant to 42

17    U.S.C. § 1983. The federal venue statute requires that a civil action, other than one based on

18    diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

19    defendants reside in the same state, (2) a judicial district in which a substantial part of the events

20    or omissions giving rise to the claim occurred, or a substantial part of the property that is the

21    subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

22    there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

23          In this case, only 2 of the 15 defendants reside in this district. The claim arose in

24    Riverside County, which is in the Central District of California. Therefore, plaintiff's claim

25    should have been filed in the United States District Court for the Central District of California. In

26    the interest of justice, a federal court may transfer a complaint filed in the wrong district to the

27    correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

28    1974).

                                                    1

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: __**November 1, 2017**__ _____**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE